No. 21-13755

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

───────────────────────────────────────────────

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

v.

IBRAHIM ALMAGARBY AND MICROCAP EQUITY GROUP, LLC,

*Defendants-Appellants.*

───────────────────────────────────────────────

On Appeal from the United States District Court for the
Southern District of Florida,
Hon. Marcia G. Cooke, Senior U.S. District Judge
Patrick M. Hunt, U.S. Magistrate Judge
Case No. 17-cv-62255-MGC

───────────────────────────────────────────────

**UNOPPOSED MOTION OF TRADING AND MARKETS PROJECT, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF SUPPORTING DEFENDANTS-APPELLANTS AND REVERSAL**

───────────────────────────────────────────────

Anthony S. Barkow  
Charles D. Riely  
Jenner & Block LLP  
1155 Avenue of the Americas  
New York, NY 10036  
(212) 891-1662  
abarkow@jenner.com  
criely@jenner.com  

Gabriel K. Gillett  
  *Counsel of Record*  
Kelsey L. Stimple  
Jenner & Block LLP  
353 North Clark Street  
Chicago, IL 60654  
(312) 840-7220  
ggillett@jenner.com  

*Counsel for Amicus Curiae*

No. 21-13755, *SEC v. Almagarby et al.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-2(b), amicus curiae here certify that, to the best of its knowledge, the Certificate of Interested Persons contained in the briefs filed by Plaintiff-Appellant, Defendant-Appellee, and the Small Public Company Coalition, Alternative Investment Management Association Ltd., and National Association of Private Fund Managers (together "Industry Amici") is complete except for the following:

- Barkow, Anthony S. – Counsel for amicus curiae
- Gillett, Gabriel K. – Counsel for amicus curiae
- Jenner & Block LLP – Counsel for amicus curiae
- Riely, Charles D. – Counsel for amicus curiae
- Stimple, Kelsey L. – Counsel for amicus curiae
- Trading and Markets Project, Inc. – Amicus curiae

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, amicus curiae hereby certifies that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Amicus curiae further certifies that it is not aware of any publicly traded company or corporation that has an interest in the outcome of this case or appeal.

*/s/ Gabriel K. Gillett*
Gabriel K. Gillett

Pursuant to Rules 27 and 29 of the Federal Rules of Appellate Procedure, Trading and Markets Project, Inc. ("TMP") respectfully requests leave to file an amicus curiae brief in support of Defendants-Appellants ("Defendants") and reversal, as more than 7 days have elapsed since the filing of Defendants' brief. *See* Fed. R. App. P. 29(a)(6). Defendants have represented that they consent to TMP filing a brief in this matter. Plaintiff Securities and Exchange Commission ("SEC") has represented that it will not oppose TMP's filing and takes no position.

In support of its motion, TMP states as follows:

1. TMP is a non-partisan non-profit organization dedicated to enhancing capital markets and ensuring the stability and competitiveness of the financial system. TMP advocates on behalf of entities and individuals focused on securities regulation and the securities markets—including private fund managers, registered investment advisers, investment companies, and others. TMP members include, among others, financial market participants, and former officials from the SEC and the legislative, executive, and judicial branches of government.

2. TMP and its members have a strong interest in how courts and the SEC interpret the Securities Exchange Act of 1934 ("Exchange

Act") and how those interpretations impact capital markets and market participants. TMP and its members also have a strong interest in ensuring the securities laws are applied consistently, predictably, and fairly.

3. TMP has a particularly strong interest in this case because it involves the meaning of the term "dealer" under the Exchange Act, 15 U.S.C. § 78c(a)(5). Many market participants—including investment advisers and private fund managers—have long understood that they do not qualify as "dealers" based on the statutory definition, the historical context when the definition was codified in 1934, and the guidance provided over the years from the SEC. But in this case, at the SEC's urging, the District Court adopted an unprecedented interpretation of the term "dealer." According to the District Court, a "dealer" includes *any* person that buys and sells securities as a business, regardless of whether the other elements of the statute are satisfied, the activity historically has been understood as dealing, or the criteria the SEC and others have long relied on to determine who is a dealer are present. *See* Dkt. 39 ("SEC Br.") at 3, 14-19.

4. Courts of Appeals routinely permit interested parties like TMP to file amicus curiae briefs in cases where the amicus's perspective

may be of assistance in understanding the significance of the material issues and provide useful context as the Court considers a particular case. *See Neonatology Assocs., P.A. v. Comm'r.*, 293 F.3d 128, 132 (3d Cir. 2002) ("Even when a party is very well represented, an amicus may provide important assistance to the court."). "Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." *Id.*; *see also Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763-64 (7th Cir. 2020) (Scudder, J., in chambers) (describing how amicus briefs may aid the court). In this case, the proposed amicus brief from TMP fulfills all of these functions.

5.  Although an amicus brief ordinarily should be filed within 7 days after the filing of the principal brief of the party being supported, this Court has discretion to permit later filing. Fed. R. App. 29(a)(6); *see also* Fed. R. App. P. 26(b) ("For good cause, the court … may permit an act to be done after [the] time [prescribed] expires.").

6. A district court in the Southern District of New York recently granted an unopposed application by TMP and others to file a brief in support of a fully briefed motion to dismiss claims asserted by the SEC that are similar to the claims asserted here. *See* Order granting motion for leave to file amicus brief, *SEC v. Morningview Financial, LLC*, No. 22-cv-08142 (S.D.N.Y. July 5, 2023), ECF No. 32. In other contexts, Courts have similarly granted applications by putative amici to file a brief more than 7 days after the party being supported filed its principal brief. *See Cal. Restaurant Ass'n v. City of Berkeley*, No. 21-16728 (9th Cir. Mar. 31, 2022), ECF No. 64 (granting trade association's opposed out-of-time amicus motion); *see also In re Coinbase Inc.*, No. 23-1779 (3d Cir. May 11, 2023), ECF No. 20 (granting trade association's unopposed out-of-time amicus motion).

7. This Court should exercise discretion to permit TMP to file its amicus brief in this case. TMP only recently became aware of this case and the broader issue regarding the definition of "dealer" that the SEC has been litigating across the country. Allowing TMP to file its brief now will not delay the Court's consideration of this case, which has not yet been scheduled for oral argument. Nor will allowing TMP to file its brief

4

cause prejudice to the SEC, which has represented that it will not oppose TMP's filing and takes no position on TMP's motion.

8. On the substance, TMP believes that its perspective will be helpful to the Court without being unduly duplicative of arguments advanced by the existing parties in this appeal. Specifically, TMP will argue that registered investment advisers and funds operate and are regulated differently from dealers; that statutory text, history, and context show that to be a "dealer" under the Exchange Act an entity must effectuate orders for customers as "part of a regular business," 15 U.S.C. § 78c(a)(5)(B), rather than merely trade for investment purposes; that the Court should look to the SEC's own factors and guidance about what constitutes dealing; and that remedies (if any) should be limited and prospective only.

9. TMP certifies that no party's counsel authored the proposed brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting the brief; and no person—other than amicus curiae, its members, or its counsel—contributed money intended to fund preparing or submitting the brief. *See* Fed. R. App. P. 29(a)(4)(E).

10. The proposed brief complies with Federal Rule of Appellate Procedure 29(a)(5) because it is no more than half the maximum length of 13,000 words authorized for Defendants' brief. Fed. R. App. P. 32(a)(7)(B)(i).

11. There have been no prior actions of this or any other court or judge to which this motion to file an amicus curiae brief in this appeal, or a substantially similar or related application for relief, has been made. *See* 11th Cir. R. 27-1(a)(4).

12. Defendants have represented that they consent to this motion. The SEC has represented that it will not oppose TMP's filing and takes no position on this motion. *See* 11th Cir. R. 27-1(a)(5).

Given its substantial interest in this case, Trading and Markets Project respectfully moves for leave to file the attached brief as amicus curiae in support of Defendants and reversal.

July 13, 2023

Respectfully submitted,

*/s/ Gabriel K. Gillett*

| | |
|---|---|
| Anthony S. Barkow<br>Charles D. Riely<br>Jenner & Block LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>(212) 891-1662 | Gabriel K. Gillett<br>  *Counsel of Record*<br>Kelsey L. Stimple<br>Jenner & Block LLP<br>353 North Clark Street<br>Chicago, IL 60654 |

6

abarkow@jenner.com  (312) 840-7220
criely@jenner.com  ggillett@jenner.com

*Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

Under Rule 32(g) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth in Fed. R. App. P. 27(d)(2)(A) because it contains 1,166 words, as counted by Microsoft Word, excluding the items that may be exempted under Fed. R. App. P. 27(a)(2)(B).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Century Schoolbook font.

*/s/ Gabriel K. Gillett*
Gabriel K. Gillett

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<em>/s/ Gabriel K. Gillett</em><br>Gabriel K. Gillett